**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PRASHANTH REDDY DYNASTY TRUST AND AAKSA JAI, LLC, | Civil Action No. 1:25-cv-14128 |
| Plaintiffs, | |
| v. | |
| THOMAS J. MCDONOUGH, ET AL., | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF APPEAL

Plaintiffs Aaksa Jai, LLC and Prashanth Reddy Dynasty Trust ("Plaintiffs") hereby give notice of their appeal to the United States Court of Appeals for the Seventh Circuit from the final judgment entered in this action on June 29, 2026 (Dkt. 35) and the Memorandum Opinion and Order entered that day (Dkt. 34), which granted Defendants' motion to dismiss and dismissed all counts of the Complaint with prejudice.

Dated: July 29, 2026

Respectfully submitted,

*/s/ Samson Widerman*
SaDella Duval d'Adrian (ARDC #6345670)
Manish Mehta (ARDC #6290204)
Samson Widerman (ARDC #6354059)
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: 312.212.4949
SDuval@beneschlaw.com
MMehta@beneschlaw.com

Matthew Fox (NY #5305883)
(Pro Hac Vice Forthcoming)
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Telephone: 646.593.7050
MFox@beneschlaw.com

*Attorneys for Plaintiffs Aaksa Jai, LLC and
Prashanth Reddy Dynasty Trust*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2026, I electronically filed the foregoing Plaintiffs' Notice

of Appeal using the CM/ECF system, which will send notification to all counsel of record.

By: <u>*/s/ Samson Widerman*</u>

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PRASHANTH REDDY DYNASTY TRUST
and AAKSA JAI, LLC,

      Plaintiffs,

      v.

THOMAS J. MCDONOUGH, et al.,

      Defendants.

No. 25 CV 14128

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Plaintiffs Prashanth Reddy Dynasty Trust and Aaksa Jai, LLC collectively invested $1.75 million into defendant Hayes Services Holdings, LLC, a company managed and controlled by defendants Thomas McDonough and TJM (TJM-HSH, LLC and TJM Capital Partners LLC). Defendants represented that Hayes Services would be independent from Hayes Commercial. In reality, defendants secretly cross-collateralized the entities and plaintiffs did not receive their expected distributions. Plaintiffs bring claims for fraud under the Securities Exchange Act of 1934 and the Illinois Securities Law of 1953, as well as claims for fraudulent inducement, common-law fraud, fraudulent misrepresentation, and negligent misrepresentation against all defendants. Plaintiffs also seek the equitable remedy of recission for fraud against Hayes Services. Defendants move to dismiss all counts under Rule 12(b)(6). For the reasons discussed below, defendants' motion to dismiss is granted.

## I. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022).

Heightened pleading requirements apply to complaints alleging fraud. *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 495 (7th Cir. 2025). A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under Rule 9(b), the plaintiff must identify "the who, what, when, where, and how" of the fraud. *Wertymer*, 142 F.4th at 495 (citation omitted).

## II. Background

In December 2021, defendants Thomas McDonough and TJM solicited plaintiffs Prashanth Reddy Dynasty Trust and Aaksa Jai, LLC to invest in defendant Hayes Services. [1] ¶ 35.[1] Defendants represented that TJM would acquire an

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing. The facts are taken from the complaint, [1], and the exhibits attached to the complaint, [1-1], [1-2], [1-3], and [1-4].

existing business—Hayes Mechanical—and split it into two independent companies, Hayes Services and Hayes Commercial. [1] ¶ 35. Defendants further represented that Hayes Services would be acquired in an all-equity transaction and thus carry no senior term loan and no bank or senior debt. [1] ¶ 36.

In contrast to Hayes Commercial, which would be structured as a typical private equity investment with investors receiving the bulk of their return upon exit, defendants represented that Hayes Services would be structured as a wind-down investment with investors receiving returns as regular distributions. [1] ¶¶ 37–38. Plaintiffs made clear to McDonough and TJM that they were interested only in Hayes Services and not in Hayes Commercial. [1] ¶ 39.

McDonough and TJM made three distinct representations: (1) Hayes Mechanical was being split into two separate entities and investments; (2) Hayes Services would be acquired with an all equity-financed purchase; and (3) Hayes Services' capital needs would be low such that investors would receive certain cash distributions within the first three years. [1] ¶ 40. Relying on these representations, plaintiffs invested in Hayes Services. [1] ¶ 41.

Plaintiffs entered into Subscription Agreements with Hayes Services. [1] ¶¶ 43–44. Plaintiff Prashanth Reddy Dynasty Trust made an aggregate purchase of $750,000 (in the form of 750,000 Class A Common Units) and plaintiff Aaksa Jai made an aggregate purchase of $1,000,000 (in the form of 1,000,000 Class A Common Units). [1] ¶¶ 43–44; [1-2]; [1-3]. Section 2 of the Subscription Agreements is titled "Representations and Warranties of Subscriber." [1-2] at 2; [1-3] at 2. Among other

3

things, the subscribers acknowledged that the company "is a highly speculative venture involving a high degree of financial risk" and that they are "familiar with the nature of, and risks attendant to, investments in securities." [1-2] at 3; [1-3] at 3. The Agreements also required plaintiffs to confirm that they had "received no representations, warranties or written communications with respect to the offering of the Securities other than as set forth herein." [1-2] at 3; [1-3] at 3.

As investors in Hayes Services, plaintiffs periodically received reports on the business's performance. [1] ¶ 45. Hayes Services met—and sometimes exceeded— TJM's projections, yet plaintiffs received only limited distributions. [1] ¶ 46. In explaining the disconnect between the business's performance and the limited distributions, McDonough and TJM revealed that TJM had secretly cross-collateralized the assets of Hayes Services and Hayes Commercial. [1] ¶¶ 48–49. In other words, plaintiffs' returns on Hayes Services were tied to the performance and capital needs of Hayes Commercial. [1] ¶ 51. This cross-collateralization was not disclosed to plaintiffs until about a year after their investments when a TJM executive revealed that McDonough had cross-collateralized the Hayes businesses before plaintiffs had invested. [1] ¶ 50.

Plaintiffs allege that McDonough and the entities he controls have a history of deliberate and intentional misrepresentations to extract shareholder value from investors. [1] ¶ 56. Plaintiffs would not have entered into the Subscription Agreements had they been made aware of the false representations made by

4

defendants. [1] ¶ 57. Plaintiffs' investments would now be worth over $3.5 million had defendants not cross-collateralized the businesses. [1] ¶ 61.

Plaintiffs bring fraud claims against all defendants under the Securities Exchange Act of 1934 and the Illinois Securities Law of 1953. [1] ¶¶ 62–79. They also bring state-law claims for fraudulent inducement, common-law fraud, fraudulent misrepresentation, and negligent misrepresentation based on the same conduct. [1] ¶¶ 80–107. Finally, plaintiffs bring a state-law claim for equitable recission for fraud against Hayes Services. [1] ¶¶ 108–110.

## III.    Analysis

### A.    Federal Securities Fraud

To state a claim for federal securities fraud, a complaint must allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Cornielsen v. Infinium Cap. Mgmt.*, 916 F.3d 589, 598 (7th Cir. 2019) (quoting *Pugh v. Tribune Co.*, 521 F.3d 686, 693 (7th Cir. 2008)). Defendants argue that plaintiffs' federal claim should be dismissed because plaintiffs disclaimed reliance on any representations that may have been made before signing their Subscription Agreements and therefore cannot plausibly allege the fourth requirement of a federal securities fraud claim. [23] at 10–12.

Plaintiffs do not challenge the enforceability of the non-reliance provision of the Subscriber Agreements. Instead, they argue that non-reliance clauses bar fraud

5

claims only where the agreement contradicts the alleged misrepresentations. [30] at 9. Here, "nothing in the Subscription Agreements contradicted what Defendants had previously represented." [30] at 11.

The non-reliance clause here applies to all earlier representations, whether contradictory or not. In *Cornielsen*, the plaintiff similarly alleged claims for federal securities fraud after the defendants made several misrepresentations and omissions at "town hall" meetings to discuss an equity conversion proposal. 916 F.3d at 594. The plaintiffs signed Subscription Agreements setting forth certain warranties and including a non-reliance clause. *Id.* at 595. The court held that "the written representations in the Subscription Agreement preclude Plaintiffs from now claiming that they chose to participate in the Equity Conversion because they reasonably relied on the Individual Defendants' oral statements made during the town hall meetings." *Id.* at 597–98.

In reaching this conclusion, the court noted that the agreements had contained ample cautionary language about the risks associated with the investment. *Id.* at 597. Further, the plaintiffs "had every opportunity to read the agreement and investigate the company as he or she deemed appropriate to evaluate the merits and risk of the investment." *Id.* Crucially, the court did not say anything about whether the representations made during the town halls contradicted the Subscriber Agreements. Plaintiffs' assertion that "*Cornielsen* turned on the presence of written representations that directly contradicted the alleged oral statements and on

6

plaintiffs' insider access to information" is not an accurate reading of the case. [30] at 10 (citing *Cornielsen*, 916 F.3d at 597–98).

Plaintiffs cite two district court cases that appear to be in tension with *Cornielsen*. [30] at 10–11 (first citing *Reis Robotics USA v. Concept Indus.*, 462 F.Supp.2d 897, 909–10 (N.D. Ill. 2006); and then citing *Hartmarx Corp. v. JBA Int'l, Inc.*, 2022 WL 406973 (N.D. Ill. Mar. 15, 2002)). But those cases predate *Cornielsen* and are not persuasive. Regardless of whether *Reis Robotics* and *Hartmarx* accurately interpreted existing precedent, a narrow reading of non-reliance clauses is not supported by *Cornielsen*.

I agree with defendants that the circumstances surrounding *Cornielsen* are analogous to those in the present case. [33] at 5. Therefore, the non-reliance clause in the Subscriber Agreements precludes plaintiffs' claims of deceit by prior representation. Count I is dismissed.[2]

### B. Illinois Securities Fraud

The parties agree that because "Illinois courts look to federal securities law to interpret claims brought under state law, the federal and state claims rise and fall together." [23] at 17 (quoting *Yash Venture Holdings, LLC v. Moca Fin., Inc.*, 116 F.4th 651, 660 (7th Cir. 2024)); [30] at 19 (same). Having found that plaintiffs cannot establish the reliance element of a federal securities fraud claim, I conclude that their

---

[2] Defendants also argue that plaintiffs' federal securities fraud claim is time-barred. [23] at 15–16. "An affirmative defense, like the statute of limitations, can rarely be resolved on a motion to dismiss." *McDonald v. U.S. Postal Serv.*, 2025 WL 3540859, at *3 (7th Cir. Dec. 10, 2025). Because I have found that plaintiffs' federal claim fails to plausibly allege reliance, I need not address the merits of this defense.

Illinois securities fraud claim fails for the same reason. *See also Tirapelli v. Advanced Equities, Inc.*, 351 Ill.App.3d 450, 455–58 (2004) (explaining that reliance is an element of the Illinois Securities Law and concluding that reliance was unreasonable as a matter of law where the parties signed a contract containing a non-reliance clause). Count II is dismissed.

### C. Other State-Law Claims

Plaintiffs' remaining state-law claims are based on the same alleged fraudulent conduct and therefore fail for the same reason. Indeed, to state a claim for fraud in Illinois, a complaint must allege five elements, including "action by the other in reliance on the truthfulness of the statement." *Benson v. Stafford*, 407 Ill.App.3d 902, 921 (2010). Because plaintiffs cannot plead reliance, they cannot plead common-law fraud, fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, or equitable recission for fraud. *See, e.g.*, *Tirapelli*, 351 Ill.App.3d at 455 (reliance is an element of common-law fraud); *Doe v. Dilling*, 228 Ill.2d 324, 343, 360 (2008) (reliance is an element of both fraudulent and negligent misrepresentation); *Colagrossi v. UBS Sec., LLC*, 2015 WL 5042899, at *9 (Ill. App. Ct. Aug. 21, 2015) (reliance is an element of fraudulent inducement); *23-25 Bldg. P'ship v. Testa Produce, Inc.*, 381 Ill.App.3d 751, 758 (2008) (reliance is an element of an equitable claim for recission). Counts III through VII are dismissed.

### D. Dismissal Is with Prejudice

Plaintiffs' claims are dismissed with prejudice. Though plaintiffs sought leave to amend their complaint to cure any potential problem with notice of recission under

state law, *see* [30] at 19, the dismissal here rests exclusively on the issue of reliance. Amendment would be futile. Plaintiffs do not challenge the enforceability of the Subscriber Agreements, and plaintiffs cannot amend around the fact that the non-reliance clause precludes their claims for fraud based on representations made to them before signing the agreements.

In their motion to dismiss, defendants also challenged the sufficiency of plaintiffs' complaint under Rule 9(b) and the Private Securities Litigation Reform Act. [23] at 9–15. But while the heightened pleading standard of Rule 9(b) and the PLSRA require plaintiffs to plead with particularity, they are not required to plead more than they would be required to prove at trial. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 328 (2007). Plaintiffs likely have adequately pled the "who, what, when, where, and how" of defendants' misconduct: the complaint identifies *who* made the alleged misrepresentations (McDonough) to whom (plaintiffs' representatives); *what* those alleged misrepresentations were (that Hayes Services would be an independent wind-down investment); *when* and *where* they were made (in December 2021 during, at least, a slide deck presentation); and *how* the alleged misrepresentations fraudulently induced plaintiffs to make investments that they would not otherwise have made (plaintiffs did not want to invest in a growing boiler business, but in a winding down service business).

Finally, defendants argue that plaintiffs failed to allege a knowing misrepresentation or omission giving rise to their federal securities fraud claim. [23] at 12–15. Specifically, defendants contend that the forward-looking nature of the

alleged misrepresentations are protected by the PSLRA's safe-harbor provision. [23] at 12–13 (citing *Matrixx Initiatives v. Siracusano*, 563 U.S. 27, 48 n.14 (2011) ("[I]f the alleged misrepresentation or omission is a 'forward-looking statement,' the required level of scienter is 'actual knowledge.'")).

But taking the allegations as true, and drawing inferences in plaintiffs' favor, they have adequately alleged that defendants' statements were about the fundamental nature of plaintiffs' investment and the structure of Hayes Services, and were untrue at the time of the misrepresentation. *See, e.g.*, [1] ¶ 12 (alleging that defendants had represented that Hayes Services and Hayes Commercial represented two distinct investments); [1] ¶ 66 (alleging that the cross-collateralization was completed prior to the close of the investments).

Further, the fact that plaintiffs relied on an anonymous TJM executive to support their allegation about the timing of the cross-collateralization does not render it insufficiently pled. Anonymity is not automatically disqualifying. *See Makor Issues & Rts., Ltd. v. Tellabs Inc.*, 513 F.3d 702, 712 (7th Cir. 2008). As a TJM executive, the anonymous source was "in a position to know at first hand the facts to which [he is] prepared to testify." *Id.* The allegation merely points to evidence plaintiffs expect to introduce to show that McDonough knew about the cross-collateralization before plaintiffs invested but falsely (knowingly and intentionally) told them that the investment was in an independent Hayes Services. But as discussed above, the complaint is nevertheless dismissed due to the presence of a non-reliance clause in the Subscriber Agreements.

10

## IV.  Conclusion

Defendants' motion to dismiss, [22], is granted. The case is dismissed with prejudice. Enter judgment and terminate civil case.


ENTER:

_____
Manish S. Shah
United States District Judge

Date: June 29, 2026

11

ILND 450 (Rev. 10/13) Judgment in a Civil Action

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Prashanth Reddy Dynasty Trust,

Plaintiffs,

v.

McDonough, et al.,

Defendants.

Case No.  25-cv-14128
Judge Manish Shah

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
and against defendant(s)
in the amount of $              ,

     which ☐ includes        pre–judgment interest.
            ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒     in favor of defendants Thomas J. McDonough, TJM-HSH, LLC,  TJM Capital Partners LLC,
and Hayes Services Holdings, LLC,
and against plaintiffs Prashanth Reddy Dynasty Trust and Aaksa Jai, LLC.

Defendants shall recover costs from plaintiffs.

---

☐     other:

---

This action was *(check one)*:

☐ tried by a jury with Judge Manish Shah presiding, and the jury has rendered a verdict.
☐ tried by Judge Manish Shah without a jury and the above decision was reached.
☒ decided by Judge Manish Shah on a motion.

Date:  6/29/2026           Thomas G. Bruton, Clerk of Court

                          /Susan McClintic , Deputy Clerk

APPEAL,GILBERT,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-14128
## Internal Use Only

Prashanth Reddy Dynasty Trust et al v. McDonough et al
Assigned to: Honorable Manish S. Shah
Demand: $9,999,000
Cause: 28:1331 Fed. Question: Securities Violation

Date Filed: 11/18/2025
Date Terminated: 06/29/2026
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Prashanth Reddy Dynasty Trust**

represented by **Matthew Fox**
Benesch, Friedlander, Coplan & Aronoff
LLP
1155 Avenue of the Americas
New York, NY 10036
(646) 593-7050
Fax: Pro Hac Vice
Email: MFox@beneschlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SaDella Lamar Duval d'Adrian**
Benesch, Friedlander, Coplan & Aronoff
LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 624-6387
Fax: Not a member
Email: sduval@beneschlaw.com
*ATTORNEY TO BE NOTICED*

**Samson Adam Widerman**
Benesch, Friedlander, Coplan & Aronoff
LLP
71 S Wacker Drive
Chicago, IL 60606
(516) 592-2939
Fax: Not a member
Email: swiderman@beneschlaw.com
*ATTORNEY TO BE NOTICED*

**Manish K. Mehta**
Benesch Friedlander Coplan & Aronoff
71 S. Wacker Drive
Chicago, IL 60606
312-485-4351

Email: MMehta@beneschlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aaksa Jai, LLC**                    represented by   **Matthew Fox**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SaDella Lamar Duval d'Adrian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samson Adam Widerman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manish K. Mehta**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Thomas J. McDonough**               represented by   **Thomas Gerald Weber**
Winston Taylor LLP
300 N. LaSalle Drive
Suite 4400
Chicago, IL 60654
312-558-3260
Email: thomas.weber@winstontaylor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TJM-HSH, LLC**                      represented by   **Thomas Gerald Weber**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TJM Capital Partners LLC**          represented by   **Thomas Gerald Weber**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hayes Services Holdings, LLC**      represented by   **Thomas Gerald Weber**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2025 | 1 | COMPLAINT filed by Prashanth Reddy Dynasty Trust, Aaksa Jai, LLC; Jury Demand. Filing fee $ 405, receipt number AILNDC-24369487. (Attachments: # 1 Exhibit A - Hayes Equity Raise Deck, # 2 Exhibit B - Trust Subscription Agreement, # 3 Exhibit C - Aaksa Subscription Agreement, # 4 Exhibit D - Hayes LLC Agreement)(Mehta, Manish) (Entered: 11/18/2025) |
| 11/18/2025 | 2 | CIVIL Cover Sheet (Mehta, Manish) (Entered: 11/18/2025) |
| 11/18/2025 | 3 | ATTORNEY Appearance for Plaintiffs Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust by Manish K. Mehta (Mehta, Manish) (Entered: 11/18/2025) |
| 11/18/2025 | 4 | MOTION by Plaintiffs Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust to seal document complaint, 1 *and Exhibit A of Complaint*<br><br>(Attachments: # 1 Text of Proposed Order)(Mehta, Manish) (Entered: 11/18/2025) |
| 11/19/2025 |  | CASE ASSIGNED to the Honorable Manish S. Shah. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. Case assignment: Random assignment. (Civil Category 2). (man, ) (Entered: 11/19/2025) |
| 11/19/2025 |  | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (man, ) (Entered: 11/19/2025) |
| 11/20/2025 | 5 | ATTORNEY Appearance for Plaintiffs Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust by SaDella Lamar Duval d'Adrian (Duval d'Adrian, SaDella) (Entered: 11/20/2025) |
| 11/25/2025 | 6 | WAIVER OF SERVICE returned executed by Prashanth Reddy Dynasty Trust, Aaksa Jai, LLC. Hayes Services Holdings, LLC waiver sent on 11/24/2025, answer due 1/23/2026. (Duval d'Adrian, SaDella) (Entered: 11/25/2025) |
| 11/25/2025 | 7 | WAIVER OF SERVICE returned executed by Prashanth Reddy Dynasty Trust, Aaksa Jai, LLC. Thomas J. McDonough waiver sent on 11/24/2025, answer due 1/23/2026. (Duval d'Adrian, SaDella) (Entered: 11/25/2025) |
| 11/25/2025 | 8 | WAIVER OF SERVICE returned executed by Prashanth Reddy Dynasty Trust, Aaksa Jai, LLC. TJM Capital Partners LLC waiver sent on 11/24/2025, answer due 1/23/2026. (Duval d'Adrian, SaDella) (Entered: 11/25/2025) |
| 11/25/2025 | 9 | WAIVER OF SERVICE returned executed by Prashanth Reddy Dynasty Trust, Aaksa Jai, LLC. TJM-HSH, LLC waiver sent on 11/24/2025, answer due 1/23/2026. (Duval d'Adrian, SaDella) (Entered: 11/25/2025) |
| 12/01/2025 | 10 | *UNOPPOSED* NOTICE of Motion by SaDella Lamar Duval d'Adrian for presentment of motion to seal document 4 before Honorable Manish S. Shah on 12/9/2025 at 09:45 AM. (Duval d'Adrian, SaDella) (Entered: 12/01/2025) |
| 12/02/2025 | 11 | MINUTE entry before the Honorable Manish S. Shah: The motion to file under seal 4 is granted and no appearance is necessary. The court will revisit whether the redacted information is entitled to sealing after defendants appear. "Confidential" business or financial information is not necessarily entitled to sealing if relevant to judicial |

| | | decisionmaking. An initial status report is due 1/27/26. A template for the Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.php by clicking on Judge Shah's name and then again on the link entitled 'Initial Status Reports.' Notices Mailed. (psm, ) (Entered: 12/02/2025) |
|---|---|---|
| 12/04/2025 | 12 | SEALED DOCUMENT by Plaintiffs Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust *COMPLAINT* (Attachments: # 1 Exhibit A - Hayes Equity Raise Deck)(Duval d'Adrian, SaDella) (Entered: 12/04/2025) |
| 12/09/2025 | 13 | ATTORNEY Appearance for Defendants Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC by Thomas Gerald Weber (Weber, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 14 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Hayes Services Holdings, LLC (Weber, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 15 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by TJM Capital Partners LLC (Weber, Thomas) (Entered: 12/09/2025) |
| 12/09/2025 | 16 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by TJM-HSH, LLC (Weber, Thomas) (Entered: 12/09/2025) |
| 12/12/2025 | 17 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Aaksa Jai, LLC (Duval d'Adrian, SaDella) (Entered: 12/12/2025) |
| 12/12/2025 | 18 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Prashanth Reddy Dynasty Trust (Duval d'Adrian, SaDella) (Entered: 12/12/2025) |
| 12/12/2025 | 19 | ATTORNEY Appearance for Plaintiffs Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust by Samson Adam Widerman (Widerman, Samson) (Entered: 12/12/2025) |
| 12/31/2025 | 20 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/31/2025: Mailed notice. (tg, ) (Entered: 12/31/2025) |
| 01/05/2026 | 21 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if |

| | | |
|---|---|---|
| | | such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 1/5/2026: Mailed notice. (tg, ) (Entered: 01/05/2026) |
| 01/23/2026 | 22 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC<br><br>(Weber, Thomas) (Entered: 01/23/2026) |
| 01/23/2026 | 23 | MEMORANDUM by Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC in support of Motion to Dismiss for Failure to State a Claim 22 (Weber, Thomas) (Entered: 01/23/2026) |
| 01/23/2026 | 24 | NOTICE of Motion by Thomas Gerald Weber for presentment of Motion to Dismiss for Failure to State a Claim 22 before Honorable Manish S. Shah on 2/3/2026 at 09:45 AM. (Weber, Thomas) (Entered: 01/23/2026) |
| 01/26/2026 | 25 | MINUTE entry before the Honorable Manish S. Shah: No appearance on 2/3/26 is necessary. The parties shall file a joint initial status report (to include a proposed briefing schedule on the motion to dismiss) by 2/3/26. A template for the Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.php by clicking on Judge Shah's name and then again on the link entitled 'Initial Status Reports.' Notices mailed. (psm, ) (Entered: 01/26/2026) |
| 02/03/2026 | 26 | STATUS Report *(Joint) (Initial)* by Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust<br><br>(Duval d'Adrian, SaDella) (Entered: 02/03/2026) |
| 02/04/2026 | 27 | MINUTE entry before the Honorable Manish S. Shah: Plaintiffs' response to the motion to dismiss is due 2/24/26 and defendants' reply is due 3/13/26. The court will rule by cm/ecf. Discovery is stayed. Notices Mailed. (psm, ) (Entered: 02/04/2026) |
| 02/24/2026 | 28 | MOTION for Leave to Appear Pro Hac Vice on behalf of Prashanth Reddy Dynasty Trust by Matthew Fox; Filing fee $ 150, receipt number AILNDC-24767586.<br><br>(Fox, Matthew) (Entered: 02/24/2026) |
| 02/24/2026 | 29 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to appear pro hac vice 28 is granted. Notices Mailed. (psm, ) (Entered: 02/24/2026) |
| 02/24/2026 | 30 | RESPONSE by Aaksa Jai, LLC, Prashanth Reddy Dynasty Trustin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC<br><br>22 (Duval d'Adrian, SaDella) (Entered: 02/24/2026) |
| 02/25/2026 | 31 | ATTORNEY Appearance for Plaintiffs Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust by Matthew Fox (Fox, Matthew) (Entered: 02/25/2026) |
| 03/13/2026 | 32 | REPLY by Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC<br><br>22 (Weber, Thomas) (Entered: 03/13/2026) |

| 03/13/2026 | 33 | REPLY by Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Hayes Services Holdings, LLC, Thomas J. McDonough, TJM Capital Partners LLC, TJM-HSH, LLC<br><br>22 *(CORRECTED)* (Weber, Thomas) (Entered: 03/13/2026) |
|---|---|---|
| 06/29/2026 | 34 | MEMORANDUM Opinion and Order. Signed by the Honorable Manish S. Shah on 6/29/2026: Defendants' motion to dismiss, 22 , is granted. The case is dismissed with prejudice. Enter judgment and terminate civil case. [For further detail see attached order.] Notices Mailed. (psm, ) (Entered: 06/29/2026) |
| 06/29/2026 | 35 | ENTERED JUDGMENT. Notices Mailed. (psm, ) (Entered: 06/29/2026) |
| 07/29/2026 | 36 | NOTICE of appeal by Aaksa Jai, LLC, Prashanth Reddy Dynasty Trust regarding orders 35 , 34 Filing fee $ 605, receipt number AILNDC-25450948. Receipt number: n (Widerman, Samson) (Entered: 07/29/2026) |
| 07/30/2026 | 37 | REQUEST for Clerk of Court to refund filing fee in the amount of $605.00, receipt no. AILNDC-25450504, *Prashanth Reddy Dynasty Trust Et Al V. Mcdonough Et Al* (Widerman, Samson) (Entered: 07/30/2026) |
| 07/31/2026 | 38 | REFUND PROCESSED re REQUEST for Clerk of Court to refund filing fee in the amount of $605.00, receipt no. AILNDC-25450504, *Prashanth Reddy Dynasty Trust Et Al V. Mcdonough Et Al* (Widerman, Samson) 37 (td, ) (Entered: 07/31/2026) |
| 08/05/2026 | 39 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 36 . (gcy, ) (Entered: 08/05/2026) |